MAHASKA COUNTY v. SEARLE ET AL.

1. **School Fund**: TO WHOM PROCEEDS ARE PAYABLE.  The principal and interest of loans from the school fund are payable to the county treasurer, and the payment of the proceeds of a judgment in its favor by the county clerk to the auditor was *held* to have been unauthorized.

2. ———: ———: LIABILITY OF CLERK.  The auditor having failed to pay over to the county the amount of the judgment, the clerk and sureties upon his official bond were liable for the amount.

3. ———: ———: STATUTE OF LIMITATIONS.  The statute of limitations would not operate to bar an action for the recovery of the money, until after three years from the time when it was paid to the auditor.

*Appeal from Mahaska District Court.*

MONDAY, OCTOBER 23.

THE defendant, Searle, was clerk of the District and Circuit Courts for Mahaska county.  A judgment was rendered in the District Court of said county, in favor of the county for the use of the school fund, for some six hundred and fifty dollars.  The defendants in said judgment paid the amount thereof to the defendant Searle, as clerk, and he paid the same to one Ruan, who was county auditor.  Ruan has never paid said money or any part thereof to any one authorized to receive the same, and the whole amount has been lost to the county.  This action is brought to recover of the clerk and his sureties, the amount of said judgment.  A jury was waived and there was trial by the court, and judgment for defendant for costs, and plaintiff appeals.

*M. E. Cutts*, for appellant.

*Laverty & Johnson*, for appellee.

ROTHROCK, J.—I.   It is conceded that the judgment in favor of the school fund was rendered on a loan of that fund, and that the clerk paid over the proceeds of the judgment to the county auditor.   It is claimed by the defendant that the auditor was authorized to receive the money by virtue of his office, and by virtue of an order of the board of supervisors.

Code, Sec. 1864, provides in regard to loans of the school fund that "The auditor shall file the original note in his office, and also the mortgage after having it recorded."

Sec. 1867 provides that "When any person desires to pay either principal or interest due on the school fund, he shall obtain a certificate from the county auditor, specifying the amount due from such person to the school fund, stating whether it is principal or interest or both.   *   *   *   . Upon the presentation of which certificate to the county treasurer, the treasurer shall receive the amount so specified, etc."

There is no provision of the statute authorizing the auditor of the county to receive either principal or interest of the 1. SCHOOL school fund, from any source.   He is the custodian fund: to whom proceeds are of the notes, and keeps the accounts so to speak, but payable. is not authorized by virtue of his official duties to receive money due the fund.   By section 1860 of the Code the counties are severally liable for all losses upon loans of the school fund made in such county.   The loans and interest thereon are payable to the county, and by Sec. 327 of the Code, the treasurer is required to receive all money payable to the county.   The payment of the money by the clerk to the auditor was, therefore, unauthorized by law.

II.   It is claimed, however, that the defendant should not 2. ——: ——: be held liable for payment to the auditor, because liability of clerk. it was done by virtue of an order and direction of the board of supervisors.

The order referred to it as follows:

"*Resolved*, That the auditor is directed to furnish the county

attorney with a list of all persons who are indebted to the school fund of this county, and whose notes are past due, and that said county attorney is hereby directed to bring. suit against said delinquents."

The defendant, Searle, testified . that he knew the money belonged to the school fund, and that the auditor had the note upon which judgment was obtained, and handed it with other notes for collection to the county attorney; that he had once before paid the auditor money collected on another school fund judgment, and supposed he had a right to receive this; that he knew of the resolution passed by the board of supervisors, but never said anything to the board about it, and that the money paid to the auditor on the other judgment, Ruan paid over to the proper authorities.

Conceding that the board of supervisors could have lawfully directed the school fund to be paid to the auditor, of which we have very great doubt, there is nothing in the order or resolution in question authorizing the auditor to receive money, and the testimony of the clerk does not in any way show such authority. It simply shows that he once before paid the proceeds of a judgment to Ruan, and supposed he had the right to receive that, as well as the amount in controversy in this suit.

A condition of defendant's bond as clerk is "that he will promptly pay over, to the person or officer entitled thereto, all money which may come into his hands by virtue of his office." If, by mistake of law, he pays money to a person or officer not entitled thereto, by reason of which loss occurs, we see no escape from liability, however innocently the mistake may have been made.

III. The defendant pleaded the statute of limitations. The finding of the court below is that the judgment was paid on the 25th day of March, 1872, less than three years prior to the commencement of the suit. This defense is, therefore, of no avail. REVERSED.

3. ——: ——:
statute of lim-
itation.

Seevers, Ch. J., having been of counsel in this cause, took no part in its determination.