MADISON COUNTY v. KRIDLER ET AL.

1. **Mortgage**: TO SCHOOL FUND: COUNTY AUDITOR. A county auditor has no power to release real estate from a mortgage executed thereon to the county for the use of the school fund.

*Appeal from Madison Circuit Court.*

FRIDAY, APRIL 22.

ACTION to foreclose a mortgage. The facts are stated in the opinion.

*McCaughan & Dabney*, for appellants.

No appearance for appellees.

SEEVERS, J.—The defendant Mary J. Kridler, and her husband, borrowed a sum of money from the school fund, for which they, with McCaughan & Dabney as their sureties, executed a promissory note to the plaintiff, and the said Mary and her husband executed a mortgage on certain real estate to secure the same. This action was brought to recover on the note and foreclose the mortgage.

McCaughan & Dabney answered the petition, admitting the execution of the note and mortgage, and made their answer a cross-petition, and therein alleged they were sureties on the note; that the county auditor had released a portion of the real estate from the lien of the mortgage, which they pleaded he had no authority to do, and, therefore, the mortgage was a valid lien on all the mortgaged premises. They further alleged they did not know the amount due, asked the court to ascertain the same, and, when done, offered to pay the same, and asked to be subrogated to all the rights of the plaintiff.

Afterward the court found the amount due, and the same was paid by McCaughan & Dabney, and thereupon the court

entered a decree subrogating them to all the rights of the plaintiff, and the cause was continued. From this decree neither party appealed, and no exception was taken thereto. Afterward Mary J. Kridler and her husband answered the cross-petition, and pleaded the release of the mortgage as to a part of the real estate by the county auditor upon their paying a *pro rata* amount of the money secured by the mortgage, and that said release was afterward ratified and approved by the board of supervisors; that after said release they sold to one W. H. Brown the real estate so released, and they asked that it be adjudged the mortgage was not a lien thereon. To this answer McCaughan & Dabney replied denying each and every allegation therein, and insisting the county had no power or authority to release said mortgage.

The court rendered judgment in favor of McCaughan & Dabney for the amount due on the note, foreclosed the mortgage as to the portion of the premises included therein, but decreed the release by the auditor, which was ratified by the board, to be valid, and that said mortgage was not a lien on that portion of the premises described in the mortgage. From this decree McCaughan & Dabney appeal.

I. The board of supervisors "hold and manage" the securities given the school fund. Code § 1860, 1881. The

1. MORTGAGE: to school fund: county auditor.

auditor is authorized to make loans, but he has no authority to receive money paid or due such fund. If he does so such act is void. *Mahaska Co. v. Searle et al.*, 44 Iowa, 492; *State v. Ruan et al.*, 45 Id., 328. It follows, we think, the auditor has no authority to release a portion of the mortgaged premises upon the payment of a *pro rata* amount of the money secured thereby. This involves a discretion and power on the part of the auditor which the statute clearly, in our opinion, does not confer.

II. There is no evidence tending to show the appellees had sold the land released from the lien of the mortgage, or that such release had been approved by the board of super-

visors. Conceding, therefore, the board has such power there is an utter failure to so show. Such fact cannot, therefore, be regarded as established. This being so the court erred in holding the mortgage was not a valid lien on the premises described therein. The court should have rendered a decree foreclosing the mortgage as to all the real estate described therein. The cause will be remanded to the court below with directions to enter a decree in accordance with this opinion.

REVERSED.