## MADISON COUNTY v. TULLIS ET AL.

1. **School Fund:** ACTION TO RECOVER: IN WHOSE NAME. By § 1860 of the Code, the county is made liable for all losses upon loans of the school fund made in the county, and to recover such fund the county may maintain an action in its own name, as the trustee of an express trust. (Code, § 2544.)

2. ———: SECURITIES: CUSTODIAN OF: WHO IS. The county auditor is the custodian of notes and mortgages given as security for the school fund loaned in the county. This is determined upon a consideration of the provisions of the constitution and of the various statutes bearing on the subject, for which see opinion. (Compare *Mahaska Co. v. Searle*, 44 Iowa, 492.)

3. ———: SECURITIES: SURRENDER BY AUDITOR WITHOUT PAYMENT: LIABILITY ON BOND: MEASURE OF DAMAGES. Where a county auditor delivered a note and mortgage given to secure a school-fund loan to the makers thereof without payment, it was a breach of the condition of his bond, which required him to "exercise all reasonable diligence and care in the preservation and lawful disposal of all money, books, papers and securities or other property appertaining to his said office;" and in an action therefor on the bond the county was entitled to recover at least nominal damages, even though it be conceded that it

could recover on the surrendered notes and mortgage in an action against the makers thereof.

4. **Practice on Appeal:** ASSIGNMENT OF ERROR NOT ARGUED. An assignment of error not supported by argument will be disregarded.

*Appeal from Madison Circuit Court.*

WEDNESDAY, APRIL 7, 1886.

THE defendant Tullis was county auditor, and this action is brought on his official bond. There was a demurrer to certain counts in the petition, which was sustained, and the eighth count was struck out on motion. The plaintiff appeals.

*V. Wainwright,* for appellant.

*C. C. Goodale* and *A. W. C. Weeks,* for appellees.

SEEVERS, J.—Among the conditions of the bond is one requiring the auditor to "exercise all reasonable diligence and care in the preservation and lawful disposal of all money, books, papers and securities, or other property, appertaining to his said office, and deliver the same to his successor, or to any other person authorized to receive the same." The petition in one count states that there came into the hands of the auditor a promissory note executed by one Brunson and others for $150, * * * secured by a mortgage; and that he neglected and failed to preserve the same and turn them over to his successor in office; and failed to account therefor to the plaintiff, and converted the same to his own use; to the damage of the plaintiff in the sum of $250. And in an amendment to the petition it is further stated that said note and mortgage were surrendered to the makers thereof, and the mortgage canceled and satisfied of record by the auditor, without payment of the amount of said note to the county treasurer; that authority had been conferred on the auditor to cancel of record all school-fund mortgages on payment of the debts thereby secured. A copy of the note is

attached to, and made a part of, the petition, and therefrom it appears that it is payable to the county, for the use of the school fund. The remaining counts in the petition to which the demurrer applies contain the same statements, except that they are based on and refer to other notes and mortgages. From the arguments of the respective counsel we are authorized to assume, what does not clearly appear from the petition, that all the notes and mortgages had been given in consideration of money belonging to the school fund which had been loaned to the makers of the notes and mortgages. The several grounds of the demurrer relied on in the argument of counsel will be now considered.

I. It is said that the demurrer was properly sustained, because the action is not brought for the use of the school fund. But, as the county is made liable for all "losses upon loans of such fund made in the county," (Code, § 1860,) and as the county by the statute is made a trustee of such fund, we think the action can be maintained in the name of the county, because it is the trustee of an express trust. (Code, § 2544.)

1. SCHOOL fund: action to recover: in whose name.

II. Counsel for the appellees insist that it does not appear that any damages have been sustained. This proposition is, as we understand, based on the thought that it appears from the petition that payment of the note was not made to the county treasurer, and that he, under the statute, is the only person to whom such payment could be legally made; therefore a recovery may be obtained against the makers of the notes, and the county has not been in any respect damaged by what the auditor did, conceding his want of authority. As the makers of the notes are not parties, it would be manifestly improper to make any ruling which would affect them, unless it is absolutely necessary to do so, and we have to say that we do not think it is, for the reasons hereafter stated. It is further said that the damages are speculative and remote, but this we do not think is so.

III. It is said that the demurrer was properly sustained

because the auditor is not the custodian of the school-fund securities. Counsel for the appellee maintain that he is not. Several grounds are urged in support of this thought. The first is that it is provided in the constitution that the "financial agents of the school funds shall be the same that by law receive and control the state and county revenue for other civil purposes, under such regulations as may be provided by law." Article 9, div. 2, § 6, Const. It is urged that the board of supervisors and county treasurer control the state and county revenue, and therefore any statute which makes the auditor custodian of the school-fund securities is unconstitutional. It is not claimed that there is any statute which places the control of the money belonging to the school-fund in the hands of the auditor, and there is nothing in the constitutional provision quoted which prohibits the general assembly from providing that securities given the school-fund for money loaned shall be placed in the hands of, and filed and preserved in the office of, the auditor. In the second place, it is contended that the board of supervisors is the custodian of the school-fund. It is provided by statute that "the several boards of supervisors shall hold and manage the securities given to the school fund," (Code, § 1860;) and it is further provided that when school-fund money is loaned the auditor shall file the original note in his office, and also the mortgage, after having it recorded. (Code, § 1864.) It is quite evident that both the board and auditor cannot have manual possession of the securities at the same time. It is equally evident that they must be filed in the office of the auditor. When so filed, they must, like other books and papers belonging to such office, be in the custody of the auditor. These two statutes must be construed with reference to the duties of the board and auditor, so that both may have force and effect, if this can be done consistently. The board of supervisors is only occasionally in session. It has no office known to the law. The auditor is the clerk of the board, and has the custody of the records

*2. ———: securities: custodian of: who is.*

of the board, and all papers of which the board has any cognizance. The word "hold" should therefore not be construed as having manual possession of, but in the sense of power and dominion over, for the purpose of managing the fund. This will appear evident by reference to section 1866 of the Code. That the auditor has the custody of the securities of the fund was assumed, if not expressly determined, in *Mahaska Co. v. Searle*, 44 Iowa, 492.

IV. It is lastly contended that it does not appear that any breach of the conditions of the bond has been committed. It does not appear that the notes have been paid, but it does appear they and the mortgages have been surrendered to the makers. Now, it was the duty of the auditor to preserve and safely keep the notes and mortgages, and when he failed to do so without a sufficient excuse, the conditions of the bond were broken. In this respect this case is distinguishable from *Mahaska Co. v. Searle*, 44 Iowa, 492, and *Mahasha Co. v. Ruan*, 45 Id., 328. In those cases the auditor did not have the custody of the judgment which had been rendered in favor of the school fund. He simply receipted to the clerk for the amount of the judgment, and this he had no authority to do. It is true, the mortgages were satisfied and canceled on the record. Conceding, for the purposes of this case, that the auditor did not have the power to do this, except on payment to the county treasurer, and that his doing so would not be a breach of the conditions of the bond, this fact, we think, is immaterial, because a breach of the conditions of the bond was clearly committed when he failed, without legal excuse, to keep and preserve in his office the notes and mortgages, thus rendering it more difficult, to say the least, for the county to recover thereon of the makers, conceding that it could do so. The county, therefore, has the right at least to recover nominal damages, and we cannot say with the required certainty, in the present condition of the record, that no more than nominal damages

3. —— : securities : surrender by auditor without payment: liability on bond: measure of damages.

can be recovered. For the reasons above stated, the demurrer should have been overruled.

Error is assigned on the ruling of the court striking out the eighth count in the petition, but, as counsel have failed

**4. PRACTICE on appeal: assignment of error not argued.** to state any reasons in their argument why the ruling is erroneous, the assignment will be disregarded, as such is the settled practice of this court.

REVERSED.